3 17 0 8 6 6 people of the state of Illinois Appalee vs. Willie Vail appellant. I'm very good morning. Do you want to begin now? Good afternoon your honors. Good afternoon. Good afternoon your honors. Thank you your honor. My name is Santiago Durango. I'm an assistant appellate defender with the office of the state appellate defender and I represent the appellant in this case Mr. Willie Vail. May it please the court your honors today I asked the 14-year enhancement to his sentence 14-year enhancement that exceeded the 30-year maximum for the base class x offense that he was convicted of under count one of the indictment and Mr. Vail raised two issues in his brief in this appeal. One seems to have been disposed of and it concerned it was the second issue and it concerned the imposition of an extended term on the lesser offense and so today unless the court has questions on that issue I will address what I consider to be the main issue in this appeal which is as I alluded to the enhancement to Mr. Vail's sentence on count one. Now in count one Mr. Vail was charged with aggravated battery of a child based on scalding and that's a class x offense with a sentencing range of 60-30 years. The state then filed a notice under section 111-3 c5 of the criminal court of procedure notifying Mr. Vail that it intended to ask for a finding that the offense was brutal and heinous and my argument is that that notice was insufficient to allow for the sentence. What happened then is that the jury was instructed on the facts of brutal and heinous that the offense was committed brutally and heinously and the jury found beyond a reasonable doubt that the offense was brutal and heinous. Based on that the court then imposed an extended term sentence and that resulted in 14 years a sentence of 44 years which was 14 years above the base maximum of 60-30 for the class x offense. Now what I'm going to ask the court today is to vacate that 14-year enhancement. The flaw in the case that I argue is that the brutal and heinous elements should have been included in the charge and not added to the charge through notice and the reason for that is that under Apprendi the brutal and heinous facts are elements of the offense and section c5 by its very terms does not deal with elements only with facts so the use of section c5 to introduce these elements into the charge was improper. In fact section c5 is problematic because it is contrary to Apprendi. Apprendi held that sentence enhancing facts are elements but section c5 treats them as facts and Apprendi found that to be error so section c5 is actually encouraging the practice that existed before Apprendi rule that that practice was unconstitutional. So because of that flaw in using section c5 to add these elements to the charge the charge did not justify the enhanced sentence that was imposed in this case. So what I'm asking the court to find is that it's actually section 111-3c that applies in this case. In that section the legislature has made it clear that facts that enhance the felony classification of an offense must be included in the charge and as pointed out by the Supreme Court in Jameson the purpose of that section is to make sure that a defendant knows what offense he is being charged with. In Beasley the appellate court found that if the elements were not included in the charge that the excess sentence imposed as a result of that omission should be vacated. Now as I point out in the brief section c under its very terms applies to prior convictions notice of prior convictions that enhance the felony classification but if the purpose of section c and Apprendi are combined it's clear that Apprendi elements should be included in the charge in order for that charge to then authorize an enhanced sentence. Now the other part of that argument is that Apprendi elements actually create an enhanced felony classification offense and that is clear from the language of Apprendi stating that the Apprendi elements create a new that is a different and aggravated offense and so if they create a new and aggravated offense to me that means that the Apprendi elements are creating a an aggravated an enhanced class a de facto enhanced class felony. So because a defendant was not properly charged with an enhanced class felony uh the sentence that was imposed due to that incorrect enhancement should be vacated and that's what I'm respectfully asking this court to do. If the court has any questions I would I would try to answer them otherwise that is the relief I'm seeking in this case. I have one quick question how how could the state once this indictment is returned without the added language the Apprendi required language and the state decides that they want to seek an extended term sentence after the indictment's been entered what's your solution how how would this have been appropriate? uh the state should have followed the the two procedures that have always been followed of either asking for a re-indictment with the added elements asking the grand jury to re-indict with the added elements or filing a an information dismissing the charge and filing an information uh where they establish probable cause those are the two methods that Illinois has generally um accepted as a method for uh uh amending an indictment. So this issue was not preserved and you're arguing plain error where is the prejudice here? Yes your honor um I'm arguing that the error was plain because the elements were not included in the charge and under the second prong they um were serious enough to affect uh the fairness of the proceeding and particularly the sentencing in this case. Okay, thank you. All right thank you your honors that concludes my opening statement my opening argument. Thank you Mr. Gerardo. Mr. Gerardo. Thank you your honors may it please the court good afternoon your honors council Thomas Gerardo for the people uh as appellee uh from the state's transparent prosecutor uh the Illinois Supreme Court has stated in People v. Davis that when attacking a charge for the first time on appeal the defendant must show that they were prejudiced by their inability to prepare for their defense. In People v. Davis the defendant was charged with a murder he was ultimately convicted of a lesser included offense of involuntary manslaughter with an element of household family or household member not being included to the jury and it was argued for the first time on appeal that that was error. The Supreme Court said well it doesn't matter whether it was an element or not the defendant has failed to show how he was prejudiced by the uh by the alleged error. Since the element was uh apparent uh the court affirmed the conviction in this case uh the defendant was charged with battery of the child uh in that he scalded the child uh within a month the state followed the procedure set forth by statute that said that they had to either include an element or a fact that increases the level of sentence to either in the an indictment or by written notice. They chose to do the written notice that followed the 111-3 c5. The prior to trial the judge admonished defendant that the state could seek that interrogatory for brutal and heinous behavior that would increase the sentencing range. The jury was instructed as to the brutal and heinous nature the jury came back with that determination. There is no argument that defendant was unable to present his or preserve his defense or prepare defense in this case therefore under Davis uh defendant's argument fails just absolutely fails. The uh argument regarding Apprendi. Apprendi does not in no case the defendant has cited has said that the failure to include an element when it is in fact presented to the jury and the jury finds it uh finds that element beyond reasonable doubt that that failure to include it uh a fact is automatically reversible. Apprendi held the proposition that any fact that increases the maximum range or sentence for a defendant must be presented to a jury and found beyond a reasonable doubt that is exactly what happened in this case. The Beasley is is in opposite a Beasley the defendant was uh charged um with uh assault and criminal sexual assault and the state uh later after trial was over and they filed a motion defendant filed a motion for new trial the state sought to increase the sentence without giving any notice to the defendant in the charging instrument as required under 111-3c of the uh code of criminal procedure. That it was the failure to give notice that caused the court to find that the sentence was uh prior that they that reason for the increased sentence was a prior conviction prior convictions of course uh are a separate section c whereas c5 covers facts that are that have to be presented to the jury. Also uh in Beasley the statute itself even said that uh under section b5 that it had to be presented in the charging instrument the the prior conviction had to be included in the charging instrument in order to have the uh increased sentencing range. So uh in this case the state was relying upon the code of um corrections 730 uh ilcs 5 5-5 dash 3.2 b2 which allows for an enhanced or uh uh extended term sentence uh if a brutal and heinous finding is found uh by the jury. So Beasley is simply not applicable to this case. Also the rules of statutory construction I would include this in the in a brief but I would just point out that the rule of statutory construction you cannot engraft the language of c onto c5. I mean this legislature has as provided for separate uh provisions and therefore uh it's inappropriate to combine c and c5 as defendant asks. Therefore we are asking that this court reject the defendant's argument and otherwise affirm defendant's sentence. If there are no other questions uh right on the second issue we've uh conceded that uh you can only get an extended term sentence on one uh charge and he was convicted of two charges. There is no concession on the proper remedy though. Are you uh hoping that will simply reduce the sentence here in the appellate court or remand it for a new sentencing hearing in the trial court? Does the state have a position? Well uh assuming this court were to reverse I think um new sentencing hearing because um you know the judge gave a 44 year sentence based on the new sentencing range. Now in theory I guess you could just chop off the extra 14 years but um I'm not sure that's necessarily the appropriate remedy. I'm thinking on issue two where he was not that's okay. Maybe I didn't make myself clear. Sorry. On issue two um I believe it should be um he received a minimum enhanced of six years but the maximum non-enhanced would be five so I'm wondering since the state has conceded error what is the remedy that the state would satisfied with? New sentencing hearing or just bumping it down? Yeah I think it's in that case because he gave there wasn't any leeway in that I think uh as far as the extended term bumping it down to five in that case would be fine or appropriate. Excuse me. Thank you. Mr. McKay, any questions? No. Mr. DeRionnero, any reply? Yes your honor briefly thank you. Um as uh pointed out in the defendant's reply brief um the defendant does not does not quarrel with with Davis. It's clear that generally speaking an indictment can be amended the way that it was amended in this case and it's not only Davis that has found that but the United States Supreme Court found so in United States versus Cotton and our Supreme Court also found so in People versus Thoreau but that's not the end of the argument we've presented because we have also argued that under section 111-c of the criminal code of procedure uh the enhancement in this case was uh not appropriate so our argument has basically boiled down to whether this enhancement this amendment this addition of the brutal and heinous facts was authorized under section 111-3 and our argument is that that section which pertains to the form of the charge did not authorize the addition of the brutal and heinous facts in this case to the extent that they permitted uh the enhanced sentence and again that is because section c-5 which is the apprentice section which allows notice of apprendi prohibits it permits facts to be used to enhance a sentence notice of facts that enhance a sentence where apprendi has made it clear that apprendi facts are actually elements of the offense and um under section c of that statute uh we're arguing that because in in as in essence the addition of these facts created uh an enhanced classification felony a de facto enhanced classification felony under section c when right together with apprendi those facts needed to be included in the charging instrument and that's where Beasley comes in and the reasoning applied by Beasley and and so our remedy that the remedy we're requesting is the remedy that was granted in Beasley which is uh that the excess sentence the sentence beyond the base range just be vacated um so um what would happen if section c uh is not deemed to be applied to uh the situation presented by this case is that uh repeat offenders would be entitled to notice of of a prior conviction convictions that enhance their or facts that enhance the um the felony classification but first-time offenders um would not be entitled to facts that also enhance their classification so it's very important uh from the defendant's point of view that section c be read together with apprendi uh and when read together um and and this and the legislature's uh purpose of making sure that defendants knew what offense they were being charged with when facts enhanced the classification of the offense when read together the facts in this case the brutal and heinous facts should have been included in the charge that's our argument um if the court has any questions i can i'll be happy to try and answer them otherwise that again we're just asking for a uh a reduction of 30 years 30 years your honor as in Beasley that's what the court did and Beasley just um lopped off the excess all right thank you mr thank you and thank you both for your arguments today good to see you both even if it's virtual um what does this matter under advisement compared to the written disposition within a short time i will not take a recess until the three of that case so again thank you and someday it was the right person